

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-24-2008

# Myers v. Somerset

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3014

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Myers v. Somerset" (2008). *2008 Decisions.* Paper 494.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/494

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3014

.                             _____

RICHARD A. MYERS,
                                        Appellant
                              vs.

COUNTY OF SOMERSET; WAYNE J. FORREST;
RONALD E. THORNBERG; NORMAN CULLEN; NICHOLAS MAGOS;
ANDREW HISSIM; DANIEL LIVAK; STEPHEN BURKE

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civ. No. 04-cv-06362)
District Judge:   Honorable Mary L. Cooper

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 12, 2008
Before:   McKEE, SMITH and WEIS, Circuit Judges.
Filed: September 24, 2008

_____

OPINION

_____

WEIS, Circuit Judge.

        Plaintiff Richard Myers appeals the District Court's order granting

summary judgment on his 42 U.S.C. § 1983 claims in favor of defendants.  The dispute

1

arises from a series of events that ultimately resulted in Myers being terminated from his position as detective sergeant with the Somerset County Prosecutor's Office.[1] We will affirm.

Myers filed a complaint in the District Court asserting four § 1983 claims, as well as a statutory state-law count. The District Court found in favor of defendants in the federal claims and dismissed the state-law count without prejudice. Myers contends that the District Court erred in (I) failing to properly analyze his claims of retaliation for engaging in speech protected by the First and Fourteenth Amendments, (ii) finding that he was not unlawfully searched or seized in violation of the Fourth and Fourteenth Amendments, and (iii) determining that he was not denied due process in contravention of the Fourteenth Amendment.

## I.

Myers's first contention is that the District Court erred when it determined that he did not suffer retaliation for engaging in constitutionally protected speech. A valid retaliation claim requires a plaintiff to demonstrate "(1) that the activity in question is protected by the First Amendment, and (2) that the protected activity was a substantial factor in the alleged retaliatory action." Hill v. Borough of Kutztown, 455 F.3d 225, 241 (3d Cir. 2006).

---

[1] Myers and each of the individual defendants are either current or former employees of the Somerset County Prosecutor's Office.

In his brief, Myers alleges that in two instances the speech that allegedly caused him to suffer retaliation was constitutionally-protected. The first instance occurred when Myers protested that a homicide suspect Myers was ordered to investigate could not have committed the crime. The second event occurred when Myers told the Somerset County prosecutor, defendant Wayne J. Forrest, and Green Brook Chief of Police Martin Rasmussen that the chiefs of certain police departments within Somerset County were "being hypocritical" for supporting Forrest in his search for renomination.

A public employee's speech is constitutionally-protected when (1) "the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have 'an adequate justification for treating the employee differently from any other member of the general public' as a result of the statement he made." Id. at 241-42 (quoting Garcetti v. Ceballos, 547 U.S. 410, 418 (2006)).

Myers's statements concerning the homicide investigation do not qualify as protected because they occurred pursuant to his official duties. See id. at 242 (statements made pursuant to a public employee's official duties are not made "as a citizen"). The Supreme Court has commented that the inquiry into whether a government employee's speech occurred pursuant to employment duties is "a practical one." Garcetti, 547 U.S. at 424. Myers's comments about the homicide investigation were made to Forrest, the principal of the Prosecutor's Office, Captain Racz, an employee of the Prosecutor's

3

Office who Myers described as "my captain," (App. 1205), and Detective Hall, an employee of the Bernards Township Police Department with whom Myers "took the lead" in investigating the crime. (App. 1204). Viewing Myers's comments practically we conclude that, because each statement was made to either someone within the chain-of-command or the co-lead investigator, Myers spoke pursuant to his employment duties. Consequently, the comments are afforded no constitutional protection and cannot form the basis of a valid retaliation claim.

Myers's assertions about the hypocrisy of the police chiefs for supporting defendant Forrest also are not constitutionally-protected expressions. The statements fail to meet the third requirement of the protected-speech standard.

The District Court observed that Myers's statements "undermine[d] the authority of the Prosecutor and encourage[d] a breakdown of the working relationship between the county chiefs and the . . . Prosecutor." <u>Myers v. County of Somerset</u>, 515 F. Supp. 2d 492, 503 (D.N.J. 2007). We agree. Myers's statements, therefore, were not constitutionally-protected speech as a matter of law. <u>See</u> <u>Hill</u>, 455 F.3d at 241 (the inquiry into whether a government employee's speech is a protected activity is a question of law).

Since we conclude Myers did not engage in constitutionally-protected activity, his retaliation claim fails.

II.

For a portion of the time that Myers was employed he was assigned to cramped quarters. Myers contends that the assignment constituted an unconstitutional seizure. Myers has not shown, however, that he was restrained in any manner. Consequently, he has not demonstrated a constitutionally-impermissible seizure.

Myers also argues that he was subjected to unlawful searches when employees of the Prosecutor's Office (I) looked through the back windows of the county-owned vehicle he was provided in order to determine whether he was keeping children's car-seats in the vehicle while on-duty, (ii) searched his work files, and (iii) went to his house and his neighbor's house looking for him. The District Court determined that none of these events were "searches" for Fourth Amendment purposes. Myers does not provide us with any authority that calls the District Court's conclusion into question. We hold that defendants did not subject Myers to an unconstitutional search.

III.

Myers final allegation is that he was denied due process. He argues that he has asserted a valid due process claim under several theories.

First, Myers contends that he was subjected to arbitrary or irrational government action when he was harassed for engaging in conduct protected by the First Amendment. This allegation is merely a reiteration of Myers's first claim. We reject it because he did not engage in any protected speech.

Next, Myers argues that the circumstances of his termination give rise to a due process claim for deprivation of a liberty interest he has in his reputation. This Court recognizes due process claims for damage to a plaintiff's reputation if the plaintiff can show that a government employer "create[d] and disseminate[d] a false and defamatory impression about the employee in connection with his termination." Id. at 236 (quoting Codd v. Velger, 429 U.S. 624, 628 (1977)). Myers alleges that he was defamed when defendants publicly leveled false allegations of wrongdoing against him in the process of his termination.

The District Court analyzed Myers's claim and concluded that he failed to demonstrate that defendants publicly disseminated false or defamatory information. In his brief, Myers attempts to refute the District Court's conclusion by simply stating that he has "asserted specific facts as to the damage to his reputation" in public without identifying any evidence in the record that supports his allegation. Consequently, we agree with the District Court that Myers has not set forth any evidence that supports his claim that he was denied due process because of damage to his reputation accompanying his termination from employment in the Prosecutor's Office.

Finally, Myers contends that defendants exhibited deliberate indifference to his constitutional rights. Myers has not, however, adduced facts that could demonstrate that defendants violated his constitutional rights. Without that showing, we cannot find

6

deliberate indifference to Myers's constitutional rights.[2]

### IV.

In sum, we conclude that Myers has not adduced evidence that would support a viable § 1983 claim. We will therefore affirm the order of the District Court granting summary judgment to defendants on these claims and dismissing Myers's state-law claim without prejudice.

---

[2] In a footnote in his brief, Myers asserts that he was deprived of other property and liberty interests without due process. Specifically, he alleges that he suffered deprivation of his pension, pay, and a job opportunity, as well as emotional distress because of the actions of defendants. The District Court analyzed Myers's claims and determined that none of the alleged deprivations implicate a constitutionally-protected property or liberty interest. We agree.

Myers also asserts, without citing to authority, that the Fourteenth Amendment protects him from being deprived of police powers without due process. We find that any "police power" Myers was allegedly entitled to does not amount to a liberty or property interest the Fourteenth Amendment protects.